NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM RAMIREZ; STACEY L.
RAMIREZ,

          Plaintiffs-Appellants,

  v.

COUNTY OF EL DORADO; et al.,

          Defendants-Appellees.

No. 20-16786

D.C. No. 2:18-cv-00632-KJM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

William and Stacey L. Ramirez appeal pro se from the district court's

summary judgment in their 42 U.S.C. §§ 1983, 1985, and 1986 action alleging

various claims in connection with their eviction. We have jurisdiction under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellants' request for oral argument, set forth in the opening brief, is denied.

U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine and summary judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

To the extent appellants' claims are based on the premise that the state court erred or that they were unlawfully evicted, the district court properly dismissed the claims as barred by the *Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1155-58 (*Rooker-Feldman* doctrine bars de facto appeal of a state court judgment or claims "inextricably intertwined" with that judgment).

The district court properly granted summary judgment for defendants Gerhart and Elledge on the basis of qualified immunity because it would not have been clear to every reasonable officer at the time that referencing their guns while ordering an individual to open the door during an eviction and making a comment about not "being nice" violated the constitution under the circumstances. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (discussing qualified immunity and explaining that a "clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent must have placed the statutory or constitutional question beyond debate" (citations and internal quotation marks omitted)). Appellants have not provided a case where an officer acting under similar circumstances as those here was held to have violated the Fourth

Amendment, and they have not established that this is a "rare 'obvious case'" where the defendants' conduct was clearly unlawful. *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (citation omitted).

The district court properly granted summary judgment for defendants Seligsohn and Harwood because appellants failed to raise a genuine dispute of material fact as to whether these defendants had a duty under the Fourteenth Amendment to take action against appellants' former landlord. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011) (explaining the "special-relationship" and "state-created danger" exceptions to the general rule that a state actor is not liable for an omission or failure to protect).

The district court properly granted summary judgment for defendants Brzezinski, Shaw, and Petri because appellants failed to raise a triable dispute as to whether these defendants violated their constitutional rights in connection with the seizure of appellants' pets. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (holding that liability under § 1983 requires a showing of personal participation in the alleged rights deprivation); *see also Brower v. County of Inyo*, 489 U.S. 593, 599 (1989) (explaining that to state a Fourth Amendment claim, plaintiffs must show that a seizure was "unreasonable"); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (stating that a Fourteenth Amendment due process claim requires a plaintiff to show a "denial of adequate

procedural protections").

The district court properly granted summary judgment for the municipal entity defendants because appellants failed to raise a triable dispute as to whether their alleged constitutional deprivations were the result of an official policy, a long-standing practice or custom, or a decision of a final policymaker. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**